ESTATE OF LYDIA I. MOORE, BERT R. GRIGGS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Moore v. Commissioner
Docket No. 13327-81.
United States Tax Court
T.C. Memo 1987-587; 1987 Tax Ct. Memo LEXIS 576; 54 T.C.M. (CCH) 1167; T.C.M. (RIA) 87587; November 25, 1987. *576 Held: A sum paid out of gross estate assets to settle a will contest is not deductible under section 2053 as an administration expense. Richard A. Childs, for the petitioner. Helen C. T. Smith and Shuford A. Tucker, Jr., for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: By notice of deficiency dated March 12, 1981, respondent determined a deficiency in petitioner's estate tax in the amount of $ 8,026.82. The sole issue for decision is whether or not the estate is entitled to deduct from the gross estate as an expense of administration a payment of $ 40,000 made in settlement of a will contest. For convenience our findings of fact and opinion are combined. A preliminary comment on the posture in which we find the case is required. Petitioner was *577 originally represented by Arthur Tranakos, an Atlanta, Georgia, attorney who filed the petition in this case. Mr. Tranakos declined to cooperate either with respondent's counsel, with petitioner, or with the Court. On August 30, 1983, respondent filed a request for admissions pursuant to Rule 90. [1] On October 3, 1983, the Clerk for this Court received petitioner's response to the request for admissions. The response was received more than 30 days after the filing of the request for admissions and was therefore delinquent. Moreover Rule 90(c) requires that such a response be served on the opposing party and this was not done. Therefore the response was returned to Mr. Tranakos by the Deputy Clerk of the Court. On December 30, 1985, in anticipation of the trial of this case on the regular calendar commencing on February 10, 1986, respondent filed a motion for an order to show cause why the facts in a proposed stipulation attached to the motion should not be accepted as established for purposes of this case. The facts in the proposed stipulation are identical to the facts set forth in respondent's request for admissions, which facts had already been deemed admitted pursuant to *578 Rule 90. On January 7, 1986, this Court entered an order directing each of the parties to file with the Court a response stating whether or not that party was agreeable to the submission of this case under Rule 122 based on the facts deemed admitted. Mr. Tranakos on behalf of petitioner responded by submitting a copy of his prior response to respondent's request for admissions which admitted that the salient facts contained in the request for admissions was correct. Petitioner's only objections to the facts deemed admitted pertained to the residence of the executor at the time the petition was filed and to the statement in paragraph 5 of the deemed admissions that "Under the laws of intestacy of the State of Alabama, C. C. Griggs, Sr., would have inherited the entire estate of the decedent had he been successful in his objection to the will," which statement was characterized as a legal conclusion. On February 18, 1986, Mr. Richard A. Childs of Columbus, Georgia, entered his appearance *579 as counsel for petitioner. At the hearing in Birmingham, Alabama, on February 20, 1986, respondent's counsel stated to the Court on behalf of Mr. Childs that he was satisfied with the facts as set out in the request for admissions and requested 45 days within which to brief the case for petitioner. We established briefing dates as requested and suggested that Mr. Childs should file with the Court a written statement of agreement with the deemed admissions. No brief having been filed by Mr. Childs, on August 18, 1986, we wrote him calling his attention to the fact that his brief had not been received. Mr. Childs declined either to file a brief or to acknowledge the Court's letter. We accept the fact that Mr. Childs may have realized on investigation that the law was so clearly against petitioner's position as to make filing of a brief unwarranted. We do not, however, condone his lack of consideration to the Court and to respondent in failing to advise the Court in writing that he did not wish to submit a brief and to confirm that he was satisfied with the facts set out in the deemed admissions. Mr. Childs has had ample opportunity to challenge the facts set out in the deemed *580 admissions. Having failed to do so, petitioner is deemed to have conceded those facts to be correct, that there are no other material facts which petitioner wishes the Court to consider, and that petitioner has no objection to this case being disposed of pursuant to Rule 122. At the time the petition was filed, Mr. Bert R. Griggs, Executor, was a resident of the State of Alabama. The decedent died testate on January 7, 1977, and at that time was a resident of Alabama. On January 17, 1977, the executor filed a petition for probate of the will of the decedent. Under the will, the devisees and legatees were Bert Ray Griggs, Lillian Griggs, Render Alwyn Richardson, Ruth Griggs McFerrin, Reverend Roger D. Watkins, Lois Commings, and Bigham Chapel Methodist Church. On February 10, 1977, C. C. Griggs, Sr., brother of the decedent, filed an objection to the probate of the will. Pursuant to Alabama law and practice, the will contest was transferred at the instance of C. C. Griggs, Sr., to the Circuit Court of Russell County, Alabama. A jury trial resulting in a hung jury and the will contest was thereafter settled by a payment from the assets of the estate of the sum of $ 40,000 for *581 the account of C. C. Griggs, Sr. This settlement was approved by the Circuit Court on July 11, 1978. Schedule J attached by the Federal estate tax return filed oy behalf of the estate by the executor claims among other administration expense deductions the sum of $ 40,000 paid in settlement of the claim of C. C. Griggs, Sr. Under section 2053, deductions are allowed to an estate for four categories of expenses: (1) funeral expenses of decedent; (2) administration expenses; (3) claims against the estate; and (4) unpaid mortgages of the decedent. A payment to settle the objection to the probate of the will by C. C. Griggs, Sr., does not fit into any one of these four categories of deductions from the gross estate. In , we distinguished between a claim against an estate and a claim to share in the estate, holding that a claim to share in the estate is not deductible from the gross estate. The claim of C. C. Griggs, Sr. in this case was clearly a claim to share in the estate. As such it is not deductible from the gross estate. ; , *582 affd. . Accordingly, we sustain respondent. Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩